MIKE MURPHY, Judge
This is an appeal from the order entered on August 17, 2017, by the Pulaski County Circuit Court terminating the parental rights of appellant Sierra Crouch to her daughter, MW, born in July 2015. Crouch's sole point on appeal is that the circuit court committed reversible error when it determined that the Indian Child Welfare Act (ICWA) did not apply to this case. We affirm.
Ten-month-old MW was brought into emergency custody of the Arkansas Department of Human Services (DHS) following a call to the child-abuse hotline alleging child maltreatment. DHS filed a petition for emergency custody and dependency-neglect on May 17, 2016. The petition included an affidavit, submitted by a DHS family service worker, that stated, "Ms. Sierra Crouch stated that she may be part of the Cherokee Indian nation but she is not sure." The circuit court entered an ex parte order formally placing MW into DHS's custody.
A probable-cause order was entered on May 23, 2016. The order made no mention of ICWA or its application to the proceeding. On June 29, 2016, the circuit court adjudicated MW dependent-neglected based on parental unfitness. This order also made no mention of ICWA or Crouch's disclosure in the affidavit that she believed she may be a member of the Cherokee Nation. The case proceeded through both a review hearing and a permanency-planning hearing during which there was no mention of ICWA in the resulting orders. On May 17, 2017, DHS filed a petition for termination of parental rights. During the termination hearing, no evidence or testimony was presented with regard to Crouch's Cherokee Nation heritage. On August 17, 2017, the circuit court issued an order terminating Crouch's parental rights. In the termination order, the circuit court made a finding that "[s]ince neither the juvenile nor any parent is a member of any Native American Indian Tribe, ICWA does not apply." This timely appeal followed.
Crouch does not challenge the circuit court's finding that termination of her parental rights was supported by at least one statutory ground, nor does she challenge that the termination of her parental rights was in the child's best interest. Her sole argument on appeal is that the circuit court committed reversible error by not complying with ICWA.
The ICWA establishes minimum federal standards for the removal of Indian children from their families and the placement of Indian children into foster or adoptive homes.
*104 Hall v. Ark. Dep't of Human Servs. , 2012 Ark. App. 245, at 9-10, 413 S.W.3d 542, 547-48. The ICWA provides that a court cannot terminate parental rights to an Indian child unless there is evidence beyond a reasonable doubt, including the testimony of qualified expert witnesses, that continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. See 25 U.S.C. § 1912(f) (2012).
It is well established that failure to raise an issue before the circuit court is fatal to an appellate court's consideration on appeal. Hall , 2012 Ark. App. 245, at 10, 413 S.W.3d at 548. In Hall , the appellant argued that DHS had an obligation to investigate and notify the tribal nations of appellant's potential Indian heritage. Id. There, the record contained no indication that the issue of ICWA compliance was ever raised by appellant. On appeal, we found the issue was not preserved because the only mention of the child's possible Indian heritage in the entire record was in the DHS employee's affidavit in support of emergency custody. Id. We affirmed the termination, holding that DHS did not have an obligation to investigate the potential Indian heritage of the child. Id. at 9, 413 S.W.3d at 547.
Similarly, the record in the case at hand contains no indication that the issue was ever raised below. In fact, Crouch acknowledges that the issue was not raised at trial for the circuit court to rule on, but she attempts to overcome this limitation by framing the matter as "an issue of sufficiency." Crouch also asserts that the notice requirements under ICWA were triggered and that the parties were put on notice and had reason to know that MW may be a member of the Cherokee Nation. We are not convinced.
The circuit court did not err in not requiring notice to be given to the Indian tribe because the circuit court had no reason to know that MW was an Indian Child. As in Hall , the only mention of MW's possible Native American ancestry was in the DHS employee's affidavit in support of emergency custody. As we held in Hall , neither DHS nor the court was obligated to investigate MW's potential Indian heritage at that juncture. See also Lazaravage v. Ark. Dep't of Human Servs. , 2018 Ark. App. 29, 541 S.W.3d. 450 (holding that appellant did not preserve her argument on appeal that DHS should have provided notification to Indian tribes of proceedings; appellant raised the "possible" ICWA matter at the probable-cause hearing but never provided any more information about potential Indian heritage, and the circuit court had no reason to believe that a relationship to any Indian tribe actually existed).
Accordingly, Crouch's argument is not preserved for appellate review and we affirm.
Affirmed.
Abramson and Glover, JJ., agree.